IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:06CR3116 |
| | ) | |
| v. | ) | |
| | ) | |
| EDNA EDITH ARAIZA, | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

I now expand upon my oral ruling last Friday granting the defendant's motion for departure (filing 70) which I also construed as a variance motion. I sentenced the defendant, a drug "mule," to time-served plus five years of supervised release, including a home confinement component, because one of her four children is very sick, the child needs her help around the clock and there is no readily available substitute.

### *I. BACKGROUND*

Edna Edith Araiza is now 28. (PSR at p. 2.) On June 7, 2006, she was driving a pickup containing 29 packages of marijuana, the total weight being somewhere between 100 kilograms and 400 kilograms. (PSR ¶¶ 16, 29.) She had been told that she would be paid $10,000 after she drove the pickup from Arizona to Iowa. (PSR ¶ 17.)

Before she could make it to Iowa, she was arrested in Nebraska following a traffic stop. She spent several days in custody.

Araiza has no criminal history points and her criminal history category is I. (PSR ¶ 40.) She is eligible for the safety-valve. (PSR ¶ 30.) With a total offense

level of 21, the defendant's advisory Guidelines range for prison purposes is 37 to 46 months. (PSR ¶ 64.) The supervised release range is 3 to 5 years. (PSR ¶ 66.)

Together with her children, Araiza lives in an apartment in Tucson, Arizona with her mother and teenage brother. (PSR p. 2 & ¶¶ 45-47.) The defendant has four children of her own under the ages of 10. (PSR ¶ 50.) She is married to Alejandro Garcia. (PSR ¶ 49.) When Garcia supported his family, he was gone during the week working on construction projects in other cities. (PSR ¶ 49.) At sentencing, Araiza testified that Garcia abandoned the family in August of 2008 and she believes he may be in jail.[1] In any event, Garcia now provides no support, financial or otherwise.

Araiza's father is dead. (PSR ¶ 46.) Araiza's mother cleans homes for a living and is gone during the day supporting the extended family. (PSR ¶ 46.) Araiza's only living adult sibling, a sister, resides in Mexico. (PSR ¶ 47.)

After her problems in Nebraska, and on December 11, 2006, Araiza gave birth to a premature boy named Yandel A. Garcia. (Ex. 101 at second and ninth page.) Yandel receives social security disability because he has chronic lung disease, recurrent pneumonia, and serious developmental delays. (Ex. 101 at first page; PSR ¶¶ 50 & 60 at p. 11[2])

Since December of 2006, when Yandel was born after only 32 weeks of gestation (Ex. 102 at first page of report authored by Dr. Rodrigo Villar, Tucson

---

[1] If he is in jail, that is no surprise. Garcia had served time before for kidnaping. (PSR ¶ 49.)

[2] The presentence report identifies the sick child as "Daisy" and indicates that the child is a girl, but the evidence makes clear that the child's name is Yandel and that he is a boy.

Medical Center, dated March 31, 2007), he has been in and out of the hospital 15 times. (Ex. 101 at ninth page.) Most recently, the child was hospitalized for 3 days before his breathing problems could be resolved. (*Id.*) The medical records show stays lasting between a night and two months. (Ex. 102.[3]) Imaging studies have documented serious problems including pneumonia and the collapse of lung tissue (atelectasis). (E.g., Ex. 102, a radiology report dated December 27, 2007.)

Maria T. Sifontes, M.D., Yandel's treating pediatrician, has provided the following opinion about the child's condition and the irreplaceable character of the defendant's care:

> Yandel is a young man with severe chronic lung disease, recurrent pneumonias, and seroiuos [*sic*] developmental delays. He requires constant care with nebulizer treatments and therapies. Mom has been very compliant with treatments. She has been an excellent mom to four children, all of whom have asthma but Yandel is the most seriously affected. I understand she has made mistakes in the past but these children have nobody else to care for them. And Yandel specially needs her the most. It would be very hardd [*سic*] to find anyone who could care adequately for him.

(Ex. 101 at first page.)[4]

---

[3] See particularly the medical records for the hospitalization at the University Medical Center in August of 2008; the medical records for the hospitalization in December of 2007 at the Tucson Medical Center; and the medical records for the hospitalization in April and March of 2007 at the Tucson Medical Center.

[4] The doctor's description of Yandel's problems is consistent with the medical literature on the subject of premature babies like this boy who are born during the 32nd week. *See*, *e.g.*, March of Dimes, *Premature Birth for Professionals and Researchers,* at http://www.marchofdimes.com/professionals/14332_1157.asp (last accessed March 30, 2009).

## *II. ANALYSIS*

I have previously written extensively about departures and variances where a dependent person has a serious illness or condition, where the defendant's presence is critical to that person's care, and where the defendant's presence cannot reasonably be duplicated by using other providers. *See*, *e.g.*, *United States v. Gutierrez*, 432 F. Supp.2nd 960 (D. Neb. 2006) (applying 18 U.S.C. § 3553(a), U. S. S. G § 5H1.6 and U. S. S. G. § 5K2.0, granting departure from advisory Guidelines range of 46 to 57 months in prison to a sentence of time served plus supervised release under home confinement where defendant was needed to assist nurse in caring for the defendant's ventilator dependent quadriplegic brother; the father was missing and provided no support and the mother worked outside the home for meager wages; the defendant was a meth "mule" who was safety-valve eligible with a criminal history category of I) (collecting cases).

I have stressed that such departures or variances are justified only where the defendant's crime is relatively minor (as with some "mules") and where the defendant's criminal history is very low or non-existent. *Id.* at 961, 963. I have also stressed that such departures or variance sentences should always include some type of restraint in prison, jail or by use of home confinement. *Id.*

In essence, I have reasoned that such departures or variances are justified on utilitarian grounds to relieve the public of the burden of carrying for an exceptionally dependent person *if* the defendant has a low criminal history and her crime is relatively minor. Because situations like this are very uncommon, the problem of sentencing disparity, while present to some degree, is not significant.

Applying the foregoing principles to this case, I believe that the departure or variance I imposed here is appropriate. That is, I conclude that the benefit to the public of incarcerating the defendant would be outweighed by the harm that Yandel

and the public would suffer if the defendant were incarcerated and unable to care for the child. This is true because: (1) Yandel, a child receiving social security disability assistance, needs constant care to deal with his severe chronic lung disease, recurrent pneumonia, and serious developmental delays; (2) there is no one other than the defendant who can provide the level of care that Yandel requires inasmuch as the boy's father abandoned the family, the maternal grandmother cannot provide the care because she is required to work as a cleaning lady to support the extended family, the maternal grandfather is dead and there is no adult sibling to substitute for the defendant; (3) the defendant is safety-valve eligible and stands in the lowest criminal history category; and (4) the crime the defendant committed–serving as a minor marijuana "mule"–is, relatively speaking, fairly minor.

In summary, the goals of sentencing would not be furthered by putting Araiza in prison. On the contrary, whether viewed as a departure or a variance, a sentence of time served plus five years of supervised release, with a component of home confinement, is warranted by the benchmarks that Congress and the Commission have set out.

IT IS ORDERED that the defendant's motion (filing 70) for departure, also construed as a motion for variance, is granted as provided herein.

DATED this 30th day of March, 2009.

BY THE COURT:

*s/Richard G. Kopf*
United States District Judge